UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NICHOLAS ISKIERKA,	Case No. 19-cv-2963 (NEB/HB)

    Plaintiff,

v.	**REPORT AND RECOMMENDATION**

NORTH MEMORIAL HOSPITAL,
CHILD PROTECTIVE SERVICES,
and GOVERNMENT,

    Defendants.

This matter comes before the Court on Plaintiff Nicholas Iskierka's Complaint [Doc. No. 1]; and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (IFP Application) [Doc. No. 2]. For the following reasons, the Court recommends dismissing the Complaint and denying the IFP Application.

**I.    COMPLAINT ALLEGATIONS**

Iskierka brings suit against three defendants. (*See* Compl. at 2.) The first is "North Memorial Hospital" (NMH). (*Id.*) This appears to refer to North Memorial Health, a health network that consists of numerous facilities within Minnesota (including North Memorial Health Hospital). The second defendant is "Child Protective Services" (CPS) (*see id.*), which the Court construes as a reference to the Child Protective Services agency within the Hennepin County Human Services and Public Health Department. Finally, the third defendant is simply listed as "Government." (*See id.*)

The Complaint has three paragraphs of substantive allegations, one for each Defendant. The first paragraph concerns CPS. (*See id.* at 3–4.) Iskierka claims that CPS "is complicit in the kidnap[ping] of [his] 7 month old daughter." (*Id.* at 3.) According to Iskierka, his mother "failed to return [his] daughter to him" after a visit. (*Id.* at 4.) Iskierka claims that he contacted the police with "full documentation of physical and legal custody of [his] daughter," but the police officers "failed to allow [Iskierka] to have [his] daughter returned." (*Id.*) Iskierka alleges that his mother "contacted CPS and a Family Safety Plan was put in motion without ever contacting [him] and eventually a CPS case placing the child in foster care was opened even after my daughter was kidnapped." (*Id.*)

The specific cause of action Iskierka means to press here is not clear. Given the duty to construe pro se filing liberally, *see, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court construes the allegation as a claim that that CPS violated his due-process rights under the Fourteenth Amendment.

Turning to NMH, Iskierka alleges that NMH staff "put [him] to sleep without [his] consent" at some unspecified time. (Compl. at 4.) He also asserts that he has "reason to believe [NMH staff] installed electronic devices in [his] body for visual/audio surveillance and GPS tracking." (*Id.*)

As with CPS, the causes of action Iskierka seeks to press against NMH are not clear. As best as the Court can tell, Iskierka means to maintain a state-law assault claim,

as well as a claim that NMH violated his Fourteenth Amendment right to privacy.

Finally, for the Government Defendant, Iskierka claims that this entity is "complicit in the breach of [his] right to privacy, freedom of speech, and [the] theft of artistic style/ideas." (*Id.*) He also claims that this entity is "monitoring [him] without consent." (*Id.*)

For the Government Defendant, it appears that Iskierka's causes of action are violations of his First Amendment rights and his constitutional "right to privacy." Iskierka's allegation regarding the "theft of artistic style/ideas" is unclear; the Court assumes here that Iskierka means to press some sort of copyright claim.

Iskierka's relief request does not ask for any declaratory or injunctive relief. (*See id.* at 5.) Instead, he seeks monetary relief in the amount of $600 million. (*See id.*) He does not allocate this request in any way between the various defendants or claims.

## II.   ANALYSIS

### A.   Claim Against CPS

As noted above, the Court construes the Complaint as bringing one claim against CPS—specifically, a claim that CPS violated Iskierka's Fourteenth Amendment due-process rights.

Iskierka did not pay this action's filing fee; he instead filed for *in forma pauperis* (IFP) status. In cases in which a plaintiff seeks IFP status, 28 U.S.C. § 1915(e)(2)(B)(ii) specifies that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the

3

action . . . fails to state a claim on which relief may be granted." Section 1915(e)(2) speaks in terms of dismissing "the case," but courts routinely use the provision to dismiss parts of cases as well. *See, e.g.*, *Bonczek v. Bd. of Trustees Nat'l Roofing Indus. Pension Plan*, No. 14-CV-3768 (JRT/LIB), 2015 WL 1897837, at *4 (D. Minn. Apr. 23, 2015); *Abduljabbar v. Minn. Dep't of Transp.*, No. 14-CV-3583 (ADM/JSM), 2014 WL 7476513, at *4 (D. Minn. Nov. 5, 2014), *R. & R. adopted*, 2015 WL 75255 (D. Minn. Jan. 6, 2015).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but they must be enough to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

As a threshold point, Iskierka cannot bring a standalone claim under the Fourteenth Amendment. The Constitution's amendments do not themselves provide rights of action; litigants suing governmental officers for constitutional-rights violations

must use some other legal vehicle. When—as here—a plaintiff seeks to sue municipal officials, that vehicle is typically 42 U.S.C. § 1983. *See, e.g.*, *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019) (discussing actions against municipal officers) (citing *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987)). The Court thus construes Iskierka's claim against CPS to be brought under § 1983.

Section 1983 claims come in two forms: individual-capacity claims and official-capacity claims. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25–26 (1991) (discussing distinction); *Spencer v. Brott*, No. 17-CV-5035 (DSD/TNL), 2019 WL 6884775, at *4 (D. Minn. Nov. 21, 2019) (same), *R. & R. adopted*, 2019 WL 6874657 (D. Minn. Dec. 17, 2019). An individual-capacity claim, as its name suggests, must be filed against an individual. In this case, Iskierka has not named any individuals whatsoever, much less any individuals associated with CPS. As a result, his § 1983 claim against CPS must be an official-capacity claim.

To bring an official-capacity claim under § 1983, a plaintiff must allege that the relevant municipal entity itself caused the relevant constitutional violation. *See, e.g.*, *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)); *Calhoun v. Washington Cty. Cmty. Servs. Child Support Unit*, No. 18-CV-1881 (ECT/HB), 2019 WL 2079834, at *4 (D. Minn. Apr. 23, 2019) (citing *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)), *R. & R. adopted*, 2019 WL 2075870 (D. Minn. May 10, 2019). A municipal entity's liability can result from "(1) an official municipal policy, (2) an unofficial custom, or

(3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (citing *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)); *see also Calhoun*, 2019 WL 2079834, at *4 (quoting *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013)).

There are numerous cases detailing how to allege a relevant policy, custom, or failure to train, but the Court need not delve deeply into that precedent. Here, Iskierka's one paragraph of CPS-related allegations says nothing about any relevant policy, custom, or failure to train let alone how that policy, custom, or failure to train resulted in the alleged kidnapping of his daughter. (*See* Compl. at 3–4.) As a result, Iskierka fails to state an official-capacity claim against CPS. Because the Complaint brings only an official-capacity claim against CPS, the Court recommends that the Complaint's claims against CPS be dismissed and CPS be dismissed from this action.

### B.   Claims Against the Government Defendant

As described above, the Court construes the Complaint as bringing three possible claims against the Government Defendant: a claim that this defendant violated Iskierka's freedom of speech, a claim that it violated his freedom of privacy, and a claim that it infringed on Iskierka's copyrights in some way. The Court recommends that these claims be dismissed as frivolous.[1]

---

[1] The Court observes as an initial matter that if "Government" here refers to either the federal government or the State of Minnesota, sovereign-immunity principles may well strip this Court of subject-matter jurisdiction over Iskierka's relevant claims. Construing the Complaint liberally, however, it is possible that Iskierka means here some sort of

6

In cases where the plaintiff seeks IFP status, 28 U.S.C. § 1915(e)(2)(B)(i) specifies that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious[.]"  And again, while § 1915(e)(2)(B)(i) uses the phrase "the case," judges have also used it to dismiss parts of cases that are frivolous. *See, e.g.*, *Proffit v. Rowley*, 44 F. App'x 748, 748 (8th Cir. 2002) (affirming district court's preservice denial of most of complaint as frivolous, but remanding certain claims back to district court); *Cota v. Dir. of the Nat'l Sec. Agency*, No. 15-CV-2089 (ADM/JSM), 2015 WL 6737008, at *2–3 (D. Minn. Nov. 3, 2015) (dismissing some, but not all, claims in action as frivolous).

A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Day v. Minnesota*, No. 19-CV-0496 (WMW/LIB), 2019 WL 3371132, at *2 (D. Minn. July 26, 2019) (quoting *Neitzke*). In this case, the Complaint's two sentences of Government-related allegations are utterly cursory; they do not provide an arguable basis in fact or law to let any First Amendment, Fourteenth Amendment claim, or copyright claim proceed.  If Iskierka provided more detail about these allegations, they could perhaps present an arguable basis either in law or in fact; as it stands, however, they do not.  The Court thus recommends that Iskierka's claims against the "Government" be dismissed as frivolous.

---

municipal-government entity, and sovereign immunity would not affect this Court's jurisdiction over a claim against a municipal entity.

### C. Claims Against NMH

What remains are Iskierka's claims against NMH. As noted above, the Court construes Iskierka as pressing two possible claims against NMH: a state-law assault claim and a claim that NMH violated his Fourteenth Amendment rights.

With respect to the Fourteenth Amendment claim, the Court recommends dismissing that claim as frivolous. The only allegation that Iskierka presents here is the bare claim that he has "reason to believe [NMH] installed electronic devices in [his] body for visual/audio surveillance and GPS tracking." (Compl. at 4.) As with Iskierka's claim against the "Government" defendant, this claim lacks an arguable basis in fact or law. Furthermore, Iskierka does not allege, nor does the Court have any reason to assume, that the actions NMH is alleged to have taken were conducted under color of state law, which is required for liability under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court therefore recommends that the Fourteenth Amendment claim against NMH be dismissed without prejudice.

The sole claim remaining is Iskierka's state-law assault claim. Because this is a state-law claim, the question arises whether the Court should exercise supplemental jurisdiction over it. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c)(3) specifies, however, that a district court

8

"may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction."

The U.S. Court of Appeals for the Eighth Circuit has discussed these provisions as follows:

> A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy, convenience, fairness, and comity. [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Wilson v. Miller*, 821 F.3d 963, 970–71 (8th Cir. 2016) (citations and internal quotation marks omitted; brackets and ellipses in original).

Here, the last quoted sentence is key. Under this Court's recommendations above for the rest of the Complaint, all of Iskierka's federal-law claims have been "eliminated" well before trial. There is no indication that this case is "unusual" in any way that would support exercising supplemental jurisdiction over the remaining state-law claim. As a result, the Court recommends declining to exercise supplemental jurisdiction over Iskierka's state-law claim, and so recommends dismissing that claim without prejudice for lack of subject-matter jurisdiction.

### D.     IFP Application

This Court has recommended dismissal of all of the Complaint's claims. The Court thus recommends dismissal of the Amended Complaint. As a result, the Court also

recommends denying the IFP Application.

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Nicholas Iskierka's Complaint [Doc. No. 1] be **DISMISSED without prejudice**; and

2. His Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be **DENIED**.

Dated: February 3, 2020        s/ *Hildy Bowbeer*
                               Hildy Bowbeer
                               United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).